Kenneth HINSON, et al.

v.

Paul BELCHER, et al.

Civ. A. No. 89-672-A.

United States District Court,
M.D. Louisiana.

May 11, 1990.

John W. deGravelles, deGravelles, Palminter & Holthaus, Baton Rouge, La., for plaintiffs.

Hank Shelton Hannah, Baton Rouge, La., for Paul Belcher.

Stephen E. Broyles, Glusman, Moore, Arbour, Broyles & Glusman, Baton Rouge, La., for The Bd. of Sup'rs of Louisiana State University and Agr. & Mechanical College.

## RULING ON MOTION TO DISMISS

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion to dismiss filed by defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, ("Board of Supervisors") incorrectly named in this case as "Louisiana State University Assembly Center." Plaintiffs have filed an opposition. The court finds there is no need for oral argument. Jurisdiction is allegedly based upon diversity of citizenship.[1]

This motion was originally filed in the United States District Court for the Middle District of Tennessee, however, this action was transferred to the Middle District of Louisiana without a ruling on the motion to dismiss.

Plaintiffs brought this action alleging that the defendants failed to place a guard rail behind the curtain at the edge of the stage in the Assembly Center at Louisiana State University in Baton Rouge and failed to provide sufficient lighting. Plaintiffs allege that as a result of the claimed omissions, plaintiff Kenneth Hinson fell from the stage and suffered personal injuries, and plaintiff Deborah Hinson suffered a loss of consortium.

Defendant, Board of Supervisors, asserts that the court lacks subject matter jurisdiction over the plaintiffs' claims, since plaintiffs' suit is in reality a suit against the state of Louisiana, and is thus barred. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits brought in federal court by her own citizens as well as by citizens of other states. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

Congress has the power, under the enforcement provisions of the Fourteenth Amendment, to abrogate sovereign immunity of the states and has done so with regard to Title VII claims. However, the instant case is based on an alleged violation of state tort law and is not a Title VII case. Therefore, absent consent by the state, the state is immune from suit. Although the state of Louisiana has consented to tort suits in the state courts of Louisiana, [La. R.S. 13:5101, et seq.] the parties have cited

---

1. Although the complaint is inartfully drawn as to jurisdiction since it alleges only that "Plaintiff is a citizen of the State of Tennessee and defendant is a citizen of the State of Texas", the court will take judicial notice of the fact that the defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College is a citizen of Louisiana.

no authority and the court has found no such authority indicating that the state of Louisiana has consented to tort suits in federal court. In fact, La.R.S. 13:5106(A) states: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

In *Schuth v. Louisiana State University Medical Center*, 50 Fair Empl.Prac.Cas. 853, 1989 WL 65566 (E.D.La.1989), the court found that the Board of Supervisors of Louisiana State University is a state agency, since the Board has "no particular autonomy and [is] largely dependent upon and an integral part of the state's functioning." *Id.* at 861. The *Schuth* court found that the Board of Supervisors is immune from suits for monetary damages under the Eleventh Amendment unless the suit is grounded in an area where Congress has abrogated the state's immunity, or where the state has consented to suit in federal court.

Further, in *Muhammed v. Board of Supervisors of Southern University*, 715 F.Supp. 732 (M.D.La.1989), this court held that the Eleventh Amendment bars any suit in federal court against the Board of Supervisors of Southern University unless Congress has abrogated sovereign immunity for the purposes of the suit. The court found that the Board obtained its funding from the state and that Southern University obtained a majority of its funding from the legislature. Further, the court stated:

> As a state agency, any judgment rendered against the Board of Supervisors must be paid from funds appropriated by the Legislature. La.Const. art. 12, § 10.

*Id.* at 734.

The Boards of Supervisors of Southern University and Louisiana State University are both created by article 8, section 7 of the Louisiana Constitution of 1974. The members of the Boards are appointed by the governor with consent of the Senate. La.Const. art. 8, § 7(B). Like the Board of Supervisors of Southern University, any judgment rendered against the Board of Supervisors of Louisiana State University

would be paid out of funds appropriated by the legislature. La.Const. art. 12, § 10(C).

The court agrees with the reasoning of the *Schuth* court and also finds no reason to treat the Board of Supervisors of Louisiana State University any differently than the Board of Supervisors of Southern University in *Muhammed.* The court concludes that the state of Louisiana is the real party in interest in plaintiffs' suit against the Board of Supervisors of Louisiana State University, and that the Eleventh Amendment therefore bars any action in federal court against the Board.

Accordingly, the motion to dismiss brought on behalf of the Board of Supervisors of Louisiana State University is hereby GRANTED.